**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

3:26-cv-205-MOC

FILED
CHARLOTTE, NC

MAR 1 3 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Maria Langenberg,

Plaintiff

v.

PSA Airlines, Inc.

FH Solutions Group (Registered Agent To Be Identified Later) Stephen Kingsley (PSA Airlines, Inc., Vice President),

Drew Werb, (PSA Airlines, Inc., Inflight Operations Manager),

Deborah Quigley, (PHR, Director, Labor and Employment at PSA Airlines, Inc.),

Cory Kusick (Supervisor PSA Airlines, Inc.),

PSA Airlines, Inc., AFA (CWA) Union and the American Airlines Group

Defendant

Case No.: _____

I.   COMPLAINT FOR: WRONGFUL TERMINATION

1. WILLFUL VIOLATION (29 U.S.C. 2617) in that the Defendant showed reckless disregard for whether their conduct was prohibited by FMLA terminating Plaintiff while FMLA decision was pending. FH Solutions informed Defendant that Plaintiff's FMLA decision was still pending prior to the termination meeting being scheduled and on the day of the Plaintiff's termination before the meeting took place.

2. FMLA INTERFERENCE/RETALIATION (29 U.S.C. 2601 et seq.), specifically (29 U.S.C. 2615(a)(1), (29 U.S.C. 2615(a)2), (29 CFR 825.220)) for illegal termination while requesting or trying to take FMLA leave.

3. Plaintiff sent to FH Solutions Group and PSA Airlines, Inc., documents (29 CFR 82.122) to show government explanation that a sibling can establish in loco parentis (in place of a parent) for an adult sibling with a mental or physical disabilities.

4. Defendant treated Plaintiff's FMLA absences as a "negative factor" and in their employment decision the Defendant chose

1

to list negative points for Plaintiff's FMLA request, despite the FMLA decision pending leading to an action of termination, (29CFR 825.220)). Plaintiff and Defendant were sent correspondence through email by FH Solutions Group late January and on the morning of the termination, prior to the termination meeting noting Plaintiff's FMLA decision was still pending.

5. Defendant terminated Plaintiff using an inaccurate point count of absences, on the day of termination. On March 12, 2024 the Plaintiff had 16.5 points that included 3.5 for approved bereavement by Inflight Operations Manager Drew Werb that in error was listed as an unauthorized absence, 3.5 for a "No Show" for Plaintiff not answering her personal cell telephone while in the air working a flight and unable to receive a new flight assignment from Crew Scheduling who should have known Plaintiff was in the air working and could not answer the call (per Employee Handbook and FAA telephones should be in airplane mode while aircraft in operation, in flight) and 9.5 negative points for FMLA absences initially given credit for and then wrongly reversed while FMLA decision was still pending. On March 12, 2024 technically, the

2

Plaintiff should have been seen in good standing and job performance regarding her Reliability Record, as she had been prior to requesting and exercising her FMLA rights.

6. Plaintiff, Maria Langenberg brings this action against Defendant PSA Airlines., Inc., and individual managers/HR personnel who directly participated in the termination process for Willful Violations, Interference with rights, and Retaliation, of Federal Statute 29 U.S.C. 2601 et seq., the Family and Medical Leave Act (FMLA). The claim is filed against PSA Airlines, Inc., the employer, FH Solutions Group (Third-Party Administrator) or TPA, Stephen Kingsley (PSA Airlines, Inc., Vice President), Drew Werb, (PSA Airlines, Inc., Inflight Operations Manager), Deborah Quigley, (PHR, Director, Labor and Employment at PSA Airlines, Inc.),Cory Kusick (Supervisor PSA Airlines, Inc.), PSA AFA (CWA) Union and the American Airlines Group.

7. Plaintiff alleges that PSA Airlines, Inc., the Defendant, with Willful intent violated the Federal statutes of FMLA by terminating the Plaintiff with knowledge that their conduct violated the FMLA and that the Defendant's actions were with reckless disregard for whether they did so. Defendant was aware prior to and on the day of the adverse action, of termination that the Plaintiff was eligible to exercise and

3

receive FMLA protected rights and benefits, and that the FMLA, Loco Parentis decision was still pending and quite delayed in response to giving status.

JURY TRIAL DEMANDED

## II. Parties

8. Plaintiff: Maria Langenberg, currently a resident of Benton County, Corvallis, Oregon and formerly known as Maria Rice-Rashwan at time of employment, residing in Forsyth County, Winston-Salem, North Carolina. Plaintiff was employed by Defendant in Charlotte, North Carolina.

9. Defendant: PSA Airlines, Inc., is a corporation doing business in Charlotte, North Carolina, with principal offices at 2709 Water Ridge Parkway, Charlotte, North Carolina 28217. PSA Airlines, Inc., is a wholly-owned subsidiary of American Airlines Group. It operates as a regional carrier under the American Eagle Brand, with its flights, crew bases, and maintenance facility heavily integrated into American Airlines Group network.

4

## III.  Jurisdiction And Venue

10. This Court has jurisdiction under 28. U.S.C. 71 1331 because this action arises under the Federal Law, Family And Medical

11. Leave Act of 1993 ("FMLA"), 29 U.S.C.___2601 et seq. Specifically, the venue is proper where a substantial part of the events giving rise to the claim occurred where the Plaintiff worked and was terminated.

## IV.  Factual Allegations

12. Plaintiff began employment with Defendant on or about June 29, 2022 as a Flight Attendant until 3/12/2024 termination.

13. Plaintiffs' adult sibling suffers from severe mental and health conditions needing assistance with self-care, as defined by the FMLA.

14. Plaintiff holds legal Power of Attorney and serves as the Primary Caregiver for said sibling as in Loco Parentis FMLA rights and guidelines.

15. On or about September 1, 2023, Plaintiff requested FMLA leave to care for her sibling by providing all required documentation.

5

16. Defendant interfered with Plaintiff's FMLA rights asserting that care for adult sibling not covered.

17. Defendant terminated Plaintiff's employment with knowledge prior to and on the day of termination that the Plaintiff's FMLA decision status was pending. Plaintiff's actions were willful, intentional, and in reckless disregard of Plaintiff's Federally protected rights.

V.    Claims For Relief

Count 1 – FMLA Interference

18. Plaintiff incorporates paragraphs 1-17

19. Defendant took unlawful disciplinary actions and interfered and denying Plaintiff to exercise their FMLA rights in violation of 29. U.S.C.  2615(a)(1))

20. Defendant attempted to avoid FMLA responsibilities by making efforts to discourage Plaintiff from taking FMLA leave and in lieu of to take Personal leave.

Count II – FMLA Retaliation29. U.S.C.  2615(a)(2))

21. Plaintiff incorporates paragraphs 1-20

22. Defendant retaliated against Plaintiff for requesting FMLA

6

23. rights and penalized absences in employment Reliability Records Points system. (29 CFR 825.220). Defendant chose to use a pending FMLA decision as a pretext to terminate Plaintiff as an employee, a federal violation that prohibits employers from using the taking of FMLA (request or leave) as a negative factor and include in an employees Reliability Points Recording System in employment actions, such as disciplinary actions.

Count III – Willful Violation of the FMLA (29 U.S.C. 2615) (FMLA Section 105)

24. Defendant's conduct was willful, entitling Plaintiff to liquidated damages under 29 U.S.C. 2617(a)(1)(A)(iii).

## VI. DAMAGES

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress and other compensatory damages, all combined exceeding over 3,000,000.00 in damages, which include alternative compensation for accelerated or "early retirements" benefit's. Including "flights for life" (flight

7

benefits) -in lieu of job reinstatement to avoid fear of continued Retaliation.

26. Plaintiff seeks Back Pay, Front Pay, Liquidated damages, fees cost, retirement benefits under 29 U.S.C. 2617.

27. PRAYER FOR RELIEF, WHEREFORE Plaintiff respectfully requests that the court:

A. Enter judgement in Plaintiffs favor.

B. Award Compensatory damages exceeding $3,000,000.00.

C. Award Liquidated damages.

D. Award reasonable fees and cost for court expenses.

E. Grant such other relief as the court deems just and proper.

JURY DEMAND. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

03/12/2026 *Maria Langenberg* — 03/12/2026, *Pro Se*
Maria Langenberg, (PRO SE)

2100 NE Merloy Avenue

Corvallis, Oregon 97330

(336)512-3250

Rashwanmdr@yahoo.com